## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JAMES EUGENE SMITH,
       Petitioner,

v.                                                Case No. 8:25-cv-872-TPB-AAS
                                                  Case No. 8:23-cr-199-TPB-AAS

UNITED STATES OF AMERICA,
       Respondent.
_____

### <u>ORDER DENYING MOTION TO VACATE SENTENCE</u>

James Eugene Smith moves under 28 U.S.C. § 2255 to vacate his conviction and 96-month sentence for being a felon in possession of a firearm and ammunition. He claims counsel rendered constitutionally ineffective assistance. He is entitled to no relief.

## I.    Background

On January 14, 2023, Smith was driving his vehicle when he became involved in a road rage incident with another vehicle—a black sedan. During the incident, Smith exchanged gunfire with the driver of the black sedan. After the initial exchange of gunfire, Smith fired at a third vehicle—a grey sedan, which was occupied by two adolescents—mistakenly believing it was the black sedan engaged in road rage. One of Smith's shots entered the driver's side window of the grey sedan, causing the glass to shatter and narrowly missing the adolescents' heads. One of the adolescents sustained a minor cut to her chin from the shattered glass. At the time of the incident, Smith had been

convicted of at least seven felony offenses, and he did not have his rights to possess firearms and ammunition restored. (Crim. Doc. 57 at ¶ 6–10)

A grand jury returned a one-count indictment that charged Smith with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Crim. Doc. 1) Smith pleaded guilty as charged without a plea agreement. (Crim. Doc. 87)

The presentence report calculated an advisory guidelines range of 33 to 41 months based on Smith's total offense level of 16 and his criminal history category of IV. (Crim. Doc. 57 at ¶124) Smith lodged no objections to the presentence report. (Crim. Doc. 83 at 5) Citing "[t]he danger the defendant created during commission of the offense due to his unlawful and reckless multiple discharges of a firearm" and "[t]he defendant's underrepresented criminal history," the district court varied upward from the guidelines range and sentenced Smith to 96 months. (Crim. Doc. 69 at 3)

Smith timely appealed, but before filing his appellate brief, he advised appellate counsel that he approved of dismissing the appeal. *See United States v. Smith*, No. 24-10866, Doc. 18 at 5 (11th Cir. July 25, 2025). The circuit court granted Smith's motion and dismissed the appeal without prejudice. *Id.* at Doc. 19 (11th Cir. July 29, 2024).

## II.    Discussion

Smith claims that trial counsel neglected to advise him that the United States was required to prove he knew he was a felon at the time he possessed the firearm and ammunition.  (Civ. Doc. 2 at 2)  He alleges that if trial counsel had "advised [him] of the Government's burden of proof, [he] would not have pleaded guilty and would have proceeded to trial . . . as [he] did not know of [his] status at the time [he] had possessed a firearm."  (Civ. Doc. 1-2 at 2)  Smith further claims that both trial and appellate counsel rendered ineffective assistance by not advising him that "a plea agreement does not bar a Second Amendment challenge."[1]  (Civ. Doc. 1 at 3)

"The question of whether an attorney provided ineffective assistance of counsel in the context of a guilty plea is subject to the familiar two-part inquiry first spelled out in *Strickland*[.]"  *Riolo v. United States*, 38 F.4th 956, 967 (11th Cir. 2022).  To establish deficient performance, the defendant must show counsel's representation fell below an objective standard of reasonableness.  *Id*. To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

---

[1] The United States responds that Smith's claims lack merit.  (Civ. Doc. 5)  An earlier order notifies that Smith that he could reply within thirty days of the United States' response.  (Civ. Doc. 3)  The United States filed its response on June 4, 2025.  To date, Smith has neither replied nor sought an extension of time to do so.

would have insisted on going to trial. *See Premo v. Moore*, 562 U.S. 115, 129 (2011); *Hill v. Lockhart*, 474 U.S.52, 58–59 (1985).

Smith's claim that trial counsel's advice rendered his guilty plea unknowing and involuntary is conclusively refuted by his sworn statements at the plea hearing. Smith confirmed under oath that he had discussed all his options with counsel, including his option to proceed to trial, and that he was satisfied with counsel's performance. (Crim. Doc. 87 at 7–8) In fact, he described trial counsel's performance as "amazing." (*Id*. at 7) Counsel explained that he did not pursue a plea agreement on Smith's behalf because of the appellate waiver that a plea agreement would contain. (*Id*. at 8) Smith told the magistrate judge that he was "comfortable" with the decision not to pursue a plea agreement and explained that counsel "was giving [him] the best answer on whatever to do, but if there would be a plea agreement, something sweet, [Smith] would definitely take it." (*Id*.)

Smith confirmed he understood the elements that the United States would have to prove if he proceeded to trial, including his knowledge of his status as a felon. (*Id*. at 22–26) Initially, he explained that he felt "kind of misled on the felon in possession" (Civ. Doc. 87 at 22–23):

> I attended a gun show, . . . and I was fingerprinted and a nationwide check was done over at the gun show, and they literally gave me a permit to send off for the license for the firearm, so at that point I just felt I was acting well within my rights or whatever, and I think

> it's kind of misleading to actually give me a permit to
> have a firearm knowing that I was a convicted felon,
> and the officer gave me a gun at the gun range and
> told me to qualify and shoot with a live round[.]

However, after some discussion with the magistrate judge, Smith ultimately acknowledged that he possessed the firearm and ammunition at issue when he knew he was a convicted felon. (*Id.* at 28–29) At the conclusion of the plea hearing, the magistrate judge found that Smith was pleading guilty freely and voluntarily, and Smith never objected to this finding. (*Id.* at 31)

A defendant's statements at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements under oath at a plea colloquy are true."). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements are false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Furthermore, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017).

5

Smith's offers no evidence to disavow his affirmations under oath that he understood the elements the United States would have to prove if he proceeded to trial and that he knew he was a convicted felon when he possessed the firearm and ammunition. Smith simply makes the conclusory and unsupported assertion that he would have proceeded to trial if counsel advised him of the United States' burden of proof. He is entitled to no relief because he made specific assurances during his plea hearing that refute his current claim. *See Winthrop v. Redin*, 767 F.3d 1210, 1217 (11th Cir. 2014) ("The district court is entitled to discredit a defendant's newly-minted story about being [misled] when that story is supported only by the defendant's conclusory statements" and is contradicted by the record of the change-of-plea colloquy.).

Absent any such contemporaneous substantiating evidence, Smith's post-hoc assertion that he would have insisted on going to trial but for counsel's advice cannot satisfy *Strickland*'s prejudice prong. *Martin v. United States*, 949 F.3d 662, 669 n.4 (11th Cir. 2020) (concluding that the defendant could not show prejudice because no contemporaneous evidence substantiated his claim that he would not have pleaded guilty but for counsel's alleged erroneous advice concerning the deportation consequences of his guilty plea); *United States v. Smith*, 983 F.3d 1213, 1222 (11th Cir. 2020) ("The defendant's 'own conclusory after-the-fact assertion' that he would have accepted a guilty plea, without more, is insufficient to [demonstrate prejudice]."); *Diaz v. United*

*States*, 930 F.2d 832, 835 (11th Cir. 1991) (concluding the defendant failed to establish prejudice when he offered only "after the fact testimony concerning his desire to plead").

Furthermore, Smith undermines his claim that counsel neglected to explain the United States' burden of proof with his own allegations.  In his memorandum supporting his § 2255 motion, Smith claims that trial counsel neglected to explain that the United States must prove he possessed the firearm while he knew he was a felon.  (Civ. Doc. 2 at 2)  But, he admits that counsel did, in fact, explain the United States' burden of proof when he writes that "trial counsel had advised [him] to enter into a plea agreement with the government because [counsel] believed the government could meet its burden." (*Id.* at 3)

In his affidavit, Smith again acknowledges counsel's advice concerning the United States' burden of proof (Civ. Doc. 1-2 at 2):

> I had also informed counsel that based on the clean NCIS check, Sheriff supervision in firing a weapon, and my belief that I was not a prohibited person, I would be successful at a jury trial[.] . . . Counsel advised me that he had seen cases like my situation which were not successful at trial[.]

Here, Smith acknowledges that counsel advised him that his mistaken belief that he could lawfully possess a firearm and ammunition would not be a

successful defense at trial.[2]  This admission contradicts his current claim that counsel neglected to advise him that the United States was required to prove he knew he was a felon.

Smith's claim that trial counsel rendered ineffective assistance by not advising him that he could raise a Second Amendment challenge to the constitutionality of § 922(g) is contracted by the record.  Before Smith pleaded guilty, counsel moved to dismiss the indictment and argued that 18 U.S.C. § 922(g)(1) was unconstitutional, both facially and as applied to him, citing *New York Rifle & Pistol, Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  (Crim. Doc. 31)  The district court denied the motion and found that it was bound by *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), which holds that statutory restrictions on firearm possession, such as § 922(g), are constitutional.  (Crim. Doc. 39)  Counsel's unsuccessful challenge to the constitutionality of § 922(g) does not constitute deficient performance.  *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010) ("We have long held that the fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel.").

Furthermore, Smith cannot show appellate counsel rendered ineffective assistance for not advancing a meritless challenge to the constitutionality of

---

[2] Similarly, Smith writes in his § 2255 motion that when he told counsel that he believed he was not prohibited from possessing a firearm because he mistakenly believed his rights had been restored, "trial counsel advised Petitioner would lose the argument at trial."  (Civ. Doc. 1 at 3)

§ 922(g). The record shows that appellate counsel moved to voluntarily dismiss the appeal after a detailed conversation with Smith about "the potential ramifications of raising different claims on appeal," and "Smith advised that he approve[d] of dismissing the appeal." *See United States v. Smith*, No. 24-10866, Doc. 18 at 5 (11th Cir. July 25, 2025). A Second Amendment challenge to the constitutionality of § 922(g) is foreclosed by binding precedent. *United States v. Dubois*, 139 F.4th 887, 890–94 (11th Cir. 2025) (holding that neither *Bruen* nor *United States v. Rahimi*, 602 U.S. 690 (2024), abrogated *Rozier*, which upholds the constitutionality of § 922(g)(1) under the Second Amendment); *see also United States v. Gammage*, No. 24-11250, 2025 WL 2504533, at *2 (11th Cir. Sept. 2, 2025) (rejecting the defendant's Second Amendment challenge to § 922(g)(1) "because *Rozier* continues to bind us"). "[A]ppellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

## III. Conclusion

Smith's motion under § 2255 to vacate, set aside, or correct his sentence (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Smith, terminate any pending motions, close this case, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL IN FORMA PAUPERIS

Smith is not entitled to a certificate of appealability ("COA"). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Smith must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Smith is entitled to neither a certificate of appealability nor an appeal in forma pauperis.

A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Smith must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of September, 2025.

**TOM BARBER**
**U.S. DISTRICT JUDGE**